UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN BEARDSWORTH,

    Plaintiff,

v.                                       Case No:   2:17-cv-551-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Karen Beardsworth's Complaint, filed on October 10, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.    Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On September 22, 2015, Plaintiff filed an application for disability insurance benefits. (Tr. at 62, 175-76). Plaintiff asserted an onset date of April 29, 2009. (*Id.* at 175). Plaintiff's application was denied initially on November 20, 2015, and on reconsideration on February 8, 2016. (*Id.* at 62, 71). Administrative Law Judge Shannon H. Heath ("ALJ") held a hearing on April 24, 2017. (*Id.* at 28-44). The ALJ issued an unfavorable decision on May 3, 2017. (*Id.* at 15-22). The ALJ found Plaintiff not to be under a disability from July 30, 2011, the date after the prior determination, through March 31, 2013, the date last insured. (*Id.* at 21).

On August 17, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on October 10, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements on March 31, 2013. (Tr. at 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from July 30, 2011, the date after the prior determination, through March 31, 2013, her date last insured. (*Id.*). At step two, the ALJ determined that through the date last insured, Plaintiff suffered from the following severe impairment: lumbar radiculopathy. (*Id.* at 18). At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.*).

At step four – through the date last insured – the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), except Plaintiff could frequently perform postural activities. (*Id.*).

The ALJ determined that through the date last insured, Plaintiff was capable of performing her past relevant work as a preschool teacher. (*Id.* at 21). The ALJ concluded that Plaintiff was not under a disability at any time from July 30, 2011, the date after the prior determination, through March 31, 2013, the date last insured. (*Id.*).

3

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether substantial evidence supports the ALJ's decision that the Plaintiff can perform past relevant work as a preschool teacher as generally performed.

(2) Whether the ALJ considered the side effects of the Plaintiff's medications.

(3) Whether the ALJ's limitation of the Plaintiff to light work with frequent postural limitations is supported by substantial evidence.

(Doc. 21 at 8, 13, 15). The Court addresses each issue in turn.

### A. Whether Plaintiff Can Perform Her Past Relevant Work as a Preschool Teacher as the Job is Generally Performed

The ALJ determined that Plaintiff was capable of performing her past relevant work as a preschool teacher as it is generally performed in the national economy. (Tr. at 21). Plaintiff argues that her past relevant work was actually a composite job involving substantial duties of more than one occupation. (Doc. 21 at 9). Plaintiff claims that her duties included cleaning the bathroom, vacuuming, dusting, and cleaning the air vents, which is consistent with the definition of Institutional Cleaner, DOT # 381.687-014, or Simple Cleaner, DOT # 599.687-030. (*Id.* at 9-10). Plaintiff also claims that she had to lift fifty (50) pounds, which would classify her past relevant work as at a medium level. (*Id.* at 9). Plaintiff argues that because her past relevant work was a composite job and at least one portion of the job is performed at the medium level – which exceeds Plaintiff's RFC of light work – the ALJ erred in finding that Plaintiff is able to return to her past relevant work (*Id.* at 10).

The Commissioner asserts that the vocational expert classified Plaintiff's past relevant work as a preschool teacher, a skilled job, that is performed at the light exertional level as generally performed, but at the medium exertional level as Plaintiff actually performed it. (*Id.* at 12). The Commissioner argues that the vocational expert's testimony constitutes substantial evidence, supporting the ALJ's decision. (*Id.*). Further, the Commissioner argues that the mere fact that Plaintiff performed additional duties in her position as a preschool teacher does not mandate a finding of a composite job. (*Id.*). The Commissioner also claims that Plaintiff "did

not prove that her past relevant work had significant elements, or even any elements, of more than one occupation." (*Id.* at 13).

At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work as she actually performed it or as it is performed in the general economy. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 830 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). Even though the burden lies with Plaintiff, the ALJ must consider all of the duties of Plaintiff's past relevant work and evaluate Plaintiff's ability to perform that work in spite of her impairments. *Levie*, 514 F. App'x at 830.

The analysis differs when a plaintiff's past relevant work qualifies as a composite job. *Smith v. Comm'r of Soc. Sec.*, 2018 WL 3598635, at *3 (11th Cir. July 26, 2018). A composite job is one that has "'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Id.* (quoting SSR 82-61 at *2). For past relevant work to qualify as a composite job, the main duties of the past relevant work must include multiple DOT occupations as described by the plaintiff. *Id.* (citing Program Operations Manual System ("POMS") DI 25005.020). "When the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform his previous work as actually performed." *Id.* (citing SSR 82-61 at *2).

Thus, in this case, for Plaintiff to prove that her past relevant work as a preschool teacher was a composite job as a type of cleaner as well, Plaintiff had to prove that cleaning was one of the main duties of her position as a preschool teacher. *Id.* Further, the burden is on Plaintiff to establish that her past relevant work was a composite job. *Id.* Here, Plaintiff testified that her job was a "preschool teacher." (Tr. at 33). Plaintiff also described her job as teaching three and

four year old children to sing, read, and write, and helping the children when they used the bathroom. (*Id.* at 205). Plaintiff indicated that her duties included cleaning the bathroom, vacuuming, dusting, washing the tables, and cleaning the air vents. (*Id.*). Plaintiff did not, however, introduce evidence as to how much time she spent doing these cleaning duties or establish that these cleaning duties were a significant element of her job. *See Smith*, 2018 WL 3598635, at *3. In addition, at the hearing, Plaintiff's counsel did not object to the vocational expert's classification of Plaintiff's past relevant work as a preschool teacher or solicit additional testimony that her cleaning duties were a main duty of her job. The Court finds that Plaintiff failed to meet her burden that her past relevant work as a preschool teacher was a composite position.

Plaintiff's past relevant work as a preschool teacher included additional functional demands and duties, such as lifting children. (Tr. at 205). Due to the way Plaintiff performed her actual job as preschool teacher, the vocational expert classified her job as she performed it at the medium exertional level. (*Id.* at 35). The vocational expert classified the job of preschool teacher under the DOT and as generally performed as light work. (*Id.*).

When the job demands and duties of a specific prior job exceed those for the same job as generally performed in the national economy, a plaintiff has the burden to show not only that she is unable to perform her specific past job, but also that she is unable to perform the functional demands and job duties of the position as generally performed in the national economy. *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010). Here, the Court finds that Plaintiff did not present any evidence that she is unable to perform the job of preschool teacher as it is generally performed in the national economy.

Thus, the Court finds that the ALJ did not err when classifying Plaintiff's past relevant work. Further, the Court finds the ALJ's decision that Plaintiff can return to her past relevant work of preschool teacher is supported by substantial evidence.

### B. Whether the ALJ Failed to Consider the Side Effects of Plaintiff's Medications

Plaintiff argues that the ALJ's decision is "silent as to discussion of any side effects from the Plaintiff's medications." (Doc. 21 at 13). Plaintiff claims that some of her medications cause drowsiness and that she "cannot work while taking the medications." (*Id.*). She also claims that she can only drive "in between taking pain medications." (*Id.* at 13-14). Plaintiff argues that her inability "to be alert" due to the side effects of her medications "would likely have a significant impact on her ability to perform the job as a preschool teacher[,] which required the Plaintiff to supervise children, and lift them." (*Id.* at 14).

The Commissioner responds that the ALJ is not required to discuss each and every subjective complaint of a claimant and Plaintiff failed to cite to any medical evidence that supports her claimed medication side effects. (*Id.*).

When evaluating a plaintiff's subjective symptom, the ALJ considers the "type, dosage, effectiveness, and side effects of any medication." 20 C.F.R. § 404.1529(c)(3)(vii). However, the ALJ's duty to develop the record does not relieve Plaintiff of the burden to prove that she is disabled. *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (citations omitted). "Thus, the claimant must introduce evidence supporting her claim that her symptoms (including any medication side effects) make her unable to work." *Id.* (citation omitted).

In this case, Plaintiff cites to two pages of the record to show that she suffered from side effects of her medications. (Tr. at 198-99). In her Supplemental Pain Questionnaire dated July 22, 2011, Plaintiff states that the side effect of her medications are drowsiness and inability to

8

drive unless in between taking pain medication. (*Id.*). Plaintiff also states that she cannot work taking all of these medications. (*Id.* at 199).

As an initial matter, "[w]here a represented claimant raises a question as to the side effects of medications, but does not otherwise allege the side effects contribute to the alleged disability, we have determined the ALJ does not err in failing 'to inquire further into possible side effects.'" *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 904 (11th Cir. 2011) (citing *Cherry v. Heckler*, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985)). In addition, if a plaintiff presents no evidence to the ALJ that her medications cause side effects, then an ALJ is not required to elicit testimony or make findings regarding the medication and its side effects. *Id.* (citing *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992)). Further, an ALJ's "determination that medication side effects do not present a significant problem is supported by substantial evidence if the claimant made only an isolated complaint about the side effects and the record does not suggest her doctors were concerned about the side effects." *Brown v. Comm'r of Soc. Sec.*, 680 F. App'x 822, 826 (11th Cir. 2017) (citing *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990)).

Here, although the ALJ discussed Plaintiff's medications, the ALJ did not mention any side effects from these medication. (Tr. at 19, 20, 21). Plaintiff was represented by counsel at the hearing. (*Id.* at 30). The only evidence that Plaintiff cites regarding any side effects from her medication is a Supplemental Pain Questionnaire completed by Plaintiff. (*Id.* at 198-99). Plaintiff does not cite to any medical records indicating she complained of these side effects to her medical providers nor did Plaintiff cite to the transcript of the hearing to show that she raised this issue during the hearing. (Tr. at 30-44).

The Court finds that even if the ALJ should have considered any side effects of Plaintiff's medications, this omission is harmless because Plaintiff was represented by counsel at the hearing and the only evidence cited by Plaintiff that indicates any side effects is a Supplemental Pain Questionnaire completed by Plaintiff. *See Pichette v. Barnhart*, 185 F. App'x 855, 856 (11th Cir. 2006) (holding that a remand is not warranted when an ALJ commits harmless error.). Plaintiff did not cite to any medical records indicating that she suffered from limitations due to the side effects of her medications and did not cite to any testimony at the hearing related to medication side effects. Thus, Plaintiff has not met her burden to show that she has additional limitations due to the side effects of her medications.

For the foregoing reasons, the Court finds that even if the ALJ erred in not specifically discussing Plaintiff's side effects from her medications, this error was harmless. Thus, the ALJ's decision is supported by substantial evidence as to this issue.

        **C.**      **Whether the ALJ's Limitation to Light Work with Frequent Postural Limitations Is Supported by Substantial Evidence**

Plaintiff argues that the ALJ erred in finding that Plaintiff is able to perform light work with the exception of frequent postural limitations. (Doc. 21 at 15). Plaintiff claims that on March 6, 2013, less than a month prior to the date last insured, the treatment notes of ARNP Telfer and Dr. Hershkowitz reference for the first time an antalgic gait. (*Id.* at 16). Plaintiff claims from that date forward, with one exception, the medical records indicate that Plaintiff suffered from an antalgic gait. (*Id.*). Plaintiff argues that the ALJ should have considered and addressed Plaintiff's medical visits after March 6, 2013, even though they were after the date last insured, as these records indicate that Plaintiff's antalgic gait was not a one-time ailment, but a new permanent problem. (*Id.*). Plaintiff also argues that an "[a]ntalgic gait may lead to a

reasonable conclusion that the individual may have difficulty performing standing or walking requirements necessary to perform light work." (*Id.* at 16-17).

The Commissioner argues that Plaintiff must prove that she is disabled prior to the date last insured, which in this case is March 31, 2013. (*Id.* at 17). The Commissioner also argues that the ALJ considered the entire record, discussed the March 2013 treatment notes, noted that Plaintiff had an antalgic gait, but found Plaintiff capable of light work with the limitation of frequent postural activities. (*Id.* at 18).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Further, for disability insurance benefits, a plaintiff must prove that she is disabled on or before the date last insured.

> An individual claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202-03. Unlike SSI, which has no insured-status requirement, a claimant seeking DIB must demonstrate disability on or before the last date on which she was insured, to be eligible for benefits. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

*Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x 878, 879 (11th Cir. 2015).

Consequently, in this case, Plaintiff must show that she was disabled as of March 31, 2013, her date last insured. (Tr. at 17). Further, even if Plaintiff has evidence showing that Plaintiff's condition progressively worsened over the period of time after her date last insured, the record must support Plaintiff's assertions that her antalgic gate precluded her from performing light work with frequent postural limitations as of the date last insured. *See Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 940-41 (11th Cir. 2014).

In the decision, the ALJ indicated that the relevant time period for the decision is from July 30, 2011, the immediate date after the prior determination, through March 31, 2013, the date last insured. (Tr. at 19). The ALJ noted:

> During the final office visit during the relevant period, on March 6, 2013, the claimant reported continued low back and bilateral leg pain. Upon examination, the claimant showed reduced range of motion of her cervical spine. However, compression and distraction did not cause pain, and the claimant did not have cervical tenderness. The claimant also showed reduced range of motion of her lumbar spine, but there was no lumbar tenderness. Hip rotation also did not cause pain. For the first time during the relevant period, Ms. Telfer noted that the claimant showed an antalgic gait on the right. Ms. Telfer also noted the claimant's mild weakness with her right lower extremity and decreased sensation in her right lower extremity. However, the claimant was also noted to have an otherwise normal power, hulk and tone motor examination; her reflexes were symmetrical; straight leg raising tests were normal; and Tinels and Phalens signs were absent. A diagnosis of lumbar radiculopathy was assessed, and the claimant was advised to continue use of her prescribed medications. Ms. Telfer also indicated that she was still awaiting authorization for a myelogram for surgical planning (Ex. 5F, pgs. 20-21). The claimant was scheduled for a follow-up office visit the following month, which was after the claimant's date last insured (Ex. SF, pg. 20).

(*Id.* at 20).

The Court finds that the ALJ specifically considered Plaintiff's antalgic gait at the March 3, 2013 visit. Further, the Court finds that the ALJ stated that she considered all of the evidence of record, and this statement is supported by the ALJ discussing a March 15, 2017 medical

source statement from Douglas Hershkowitz, M.D., but affording it little weight because it was "derived well after the period in question." (*Id.* at 18, 20-21).

In addition, the ALJ supported her decision by relying on Bettye Stanley, D.O.'s February 8, 2016 Residual Functional Capacity Assessment. (*Id.* at 20). Dr. Stanley, a state agency medical consultant, reviewed the medical evidence of record, including the March 6, 2013 treatment note – specifically noting that Plaintiff's gait was antalgic on the right – and determined that Plaintiff was capable of performing light work with the exception of frequent postural limitations. (*Id.* at 67-68). The ALJ afforded Dr. Stanley's opinion great weight because it was consistent with the treatment records for the relevant period at issue, namely July 30, 2011, through March 31, 2013, the date last insured. (*Id.* at 20).

The Court finds that Plaintiff did not meet her burden of showing that she was disabled prior to the date late insured. *Stone*, 596 F. App'x at 879. Here, the ALJ considered the medical evidence of record, noted that in March 2013, the medical records reflect an antalgic gait, and relied on Dr. Stanley's medical opinion to formulate Plaintiff's RFC that Plaintiff is capable of performing light work except for the limitations of frequent postural activities. Accordingly, the Court finds that substantial evidence supports the ALJ's RFC finding.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 14, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties